FARMER, Appellant,

v.

DAVEY COMPRESSOR COMPANY, Appellee.

[Cite as *Farmer v. Davey Compressor Co.* (1989), 62 Ohio App.3d 596.]

Court of Appeals of Ohio,
Hamilton County.

No. C–880252.

Decided April 26, 1989.

*Bernard C. Fox* and *Paul Nidich,* for appellant.

*Schwartz, Manes & Ruby* and *Donald B. Hordes,* for appellee.

---

*Per Curiam.*

Plaintiff-appellant, Ronald Farmer ("plaintiff"), appeals from the dismissal, for lack of subject-matter jurisdiction, of his claim that he was discharged from his employment with defendant-appellee, Davey Compressor Company ("defendant"), in breach of the provisions of an employee handbook. While we find error in the dismissal of plaintiff's claim, we find that defendant's motion for summary judgment was properly overruled, and we reverse and remand the case for further proceedings.

In 1979, plaintiff was hired by defendant as a painter. He was given an employee handbook which contained a provision that employees would be terminated only for proper cause. In 1984, the United Auto Workers won a union representation election at Davey Compressor Co. after an organizing campaign in which plaintiff had been a conspicuous union supporter. Defendant filed a series of objections to that election with the National Labor Relations Board ("NLRB"). While those objections were pending, defendant discharged plaintiff for alleged gross neglect in the quality of his painting work.

Shortly after his discharge, plaintiff filed unfair labor practice charges with the NLRB, alleging that he was terminated in retaliation for his union activities. After an investigation, the NLRB concluded that there was "insufficient evidence" to support plaintiff's allegations and therefore refused to issue a complaint in the matter. Plaintiff's appeal of that decision to the NLRB Office of Appeals was denied.

Plaintiff then filed his complaint in this action, alleging claims of breach of contract and promissory estoppel. Specifically, plaintiff alleged that he was wrongfully discharged in violation of the employee handbook provision stating

employees would only be terminated for proper cause, and that he relied to his detriment on both oral and written representations from defendant as to termination for proper cause. After several depositions were taken, defendant filed a motion to dismiss and, in the alternative, for summary judgment. In support of the motion to dismiss, defendant contended that the sole basis for plaintiff's wrongful discharge claim was, in reality, his union activity; that the NLRB has exclusive jurisdiction of such claims, pre-empting any state court action; and that therefore, the trial court lacked subject-matter jurisdiction of the case. Alternatively, defendant argued that even if jurisdiction were found to exist, it was entitled to judgment as a matter of law on plaintiff's contract and estoppel claims. After a hearing, the trial court granted the motion to dismiss for lack of jurisdiction and denied the motion for summary judgment.

Plaintiff's single assignment of error on appeal is that the trial court erred in granting the motion to dismiss. We find the assignment to be meritorious.

While the NLRB has exclusive jurisdiction of any claim that concerns conduct protected or prohibited by the National Labor Relations Act ("NLRA"), see *San Diego Bldg. Trades Council v. Garmon* (1959), 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775, a cause of action in a state court may be sustained "if the behavior to be regulated is behavior that is of only peripheral concern to the federal law or touches interests deeply rooted in local feeling and responsibility." *Belknap, Inc. v. Hale* (1983), 463 U.S. 491, 498, 103 S.Ct. 3172, 3177, 77 L.Ed.2d 798, 807; see, also, *Farmer v. United Brotherhood of Carpenters Local 25* (1977), 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338. In this action, the focus would be upon the existence of a contract between the parties, the representations made to plaintiff, the quality of his job performance and whether that performance was deficient enough to provide just cause for his termination. The issues involve the law of contract and estoppel in Ohio, and are, at the very most, of only peripheral concern to federal labor law. As the court stated in *Belknap, supra,* 463 U.S. at 512, 103 S.Ct. at 3184, 77 L.Ed.2d at 815, "[t]he interests of the Board and the NLRA, on the one hand, and the interest of the State in providing a remedy to its citizens for breach of contract, on the other, are 'discrete' concerns." Accordingly, we find that plaintiff's action is not pre-empted and we sustain plaintiff's single assignment of error.

Defendant's assignment of error, filed under the authority of R.C. 2505.22 to prevent a reversal of the judgment of the lower court, is that the trial court erred by overruling its motion for summary judgment. We find that the motion was properly overruled because the record reveals that there are numerous disputed issues of material fact to be decided. These issues

include, among others, whether either or both parties intended to be bound by the provisions of the employee handbook; the intended interpretation of "proper" cause; and whether there was such proper cause for plaintiff's discharge. This assignment of error is therefore overruled.

The judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this decision and law.

*Judgment reversed*
*and cause remanded.*

SHANNON, P.J., DOAN and KLUSMEIER, JJ., concur.